IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSHUA GLADDEN, §
§ No. 59, 2019
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. K1711001035
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted:  March 21, 2019
Decided:     April 23, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Joshua B. Gladden, filed this appeal from the Superior Court's denial of his motion for sentence modification.  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Gladden's opening brief that his appeal is without merit.  We agree and affirm.

(2)    In June 2018, Gladden pleaded guilty to Dangerous Crime Against a Child under the age of fourteen, Unlawful Sexual Contact First Degree, and three counts of Dealing in Child Pornography.  In exchange for the guilty plea, the State agreed to dismiss multiple additional charges for which Gladden had been indicted,

including twenty-two counts of Dealing in Child Pornography. The parties agreed on an open sentencing and a presentence investigation was ordered. In October 2018, the Superior Court sentenced Gladden to a total of forty years of Level V incarceration, as follows: (i) for Dangerous Crime Against a Child, to fifty years at Level V incarceration, suspended after thirty years for various levels of supervision; (ii) for Unlawful Sexual Contact, to eight years of Level V incarceration, suspended after one year for two years of probation; and (iii) for each count of Dealing in Child Pornography, to twenty-five years of Level V incarceration, suspended after three years for two years of probation. Gladden did not file a direct appeal.

(3) In December 2018, Gladden filed a motion for sentence modification. He argued that his sentence should be modified because he has lost the opportunity to witness his youngest child growing up, he has been a "model inmate" and helped other inmates in need, and he has taken his sentence seriously and "made great strides in trying to improve himself and to learn what led him to his actions in breaking the law." The Superior Court denied the motion on the basis that the sentence was appropriate and Gladden had not provided any additional information that would warrant a reduction or modification of the sentence. This appeal followed.

(4)  We review the denial of a motion for sentence modification for abuse of discretion.[1]  On appeal, Gladden argues that the Superior Court erred by using a form order when denying his motion for sentence modification, without allowing Gladden to present additional facts, and by imposing an excessive sentence. Gladden did not raise these issues before the Superior Court.  Accordingly, his claims are barred unless consideration is warranted in the interests of justice.[2]

(5)  We do not find consideration of Gladden's newly raised claims to be warranted.  "It is well-established that appellate review of sentences is extremely limited.  Thus, generally speaking, our review ends upon a determination that the sentence is within the statutory limits prescribed by the legislature."[3]  The minimum mandatory sentence for a Dangerous Crime Against a Child under the age of fourteen is twenty-five years, with a maximum sentence up to life in prison.[4]  For the conviction of Unlawful Sexual Contact, Gladden faced a potential sentence of up to eight years in prison.[5]  Each of the counts of Dealing in Child Pornography carried a minimum mandatory sentence of two years, with a maximum sentence of up to

---

[1] *Evans v. State*, 2017 WL 4680742 (Del. Oct. 17, 2017).
[2] *See* SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review . . . .").
[3] *See Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006) (citation omitted).
[4] 11 *Del. C.* § 4205A(a).
[5] *See* 11 *Del. C.* § 769(b) (providing that Unlawful Sexual Contact is a Class D felony); 11 *Del. C.* § 4205(b)(4) (providing for a sentence of up to eight years in prison for a Class D felony).

twenty-five years per count.[6]  The sentence imposed by the Superior Court was well within the statutory limits.

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[6] 11 *Del. C.* § 1109 (providing that Dealing in Child Pornography is a Class B felony); 11 *Del. C.* § 4205(b)(2) (providing a sentencing range for a Class B felony of "not less than 2 years up to 25 years to be served at Level V").